**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
TALLAHASSEE **DIVISION**

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346

PLACEHOLDER

JANET MAVIS MARCUSSE,
Inmate #17128-045.
(Enter full name of Plaintiff)

vs.

CASE NO: 4:15cv9 RH-CAS
(To be assigned by Clerk)

UNKNOWN FEDERAL AGENTS, JUDGE ROBERT HOLMES BELL, CLERK TRACEY CORDES, CI DIV. SPECIAL AGENT STEPHEN CORCORAN, FORMER U.S. ATTORNEY DONALD A. DAVIS, CI DIV. SPECIAL AGENT JAMES FLINK, WARDEN J.V. FLOURNOY,

(Enter name and title of each Defendant. If additional space is required, use the blank area below and directly to the right.)

COURT REPORTER KEVIN GAUGIER, FORMER ASSISTANT UNITED STATES ATTORNEY THOMAS GEZON, DEPUTY U.S. MARSHAL STEVE HETHERINGTON, JUDGE ADALBERTO JORDAN, FEDERAL PUBLIC DEFENDER DAVID KACZOR,

FEDERAL PUBLIC DEFENDER RAY KENT, JUDGE COLLEGE KOLLAR-KOTELLY, JUDGE STANLEY MARCUS, SHERIFF MIKE MERCER, JAIL ADMINISTRATOR ROGER PALMITER, FORMER ASSISTANT UNITED STATES ATTORNEY MICHAEL SCHIPPER

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**



Filed0113'15UsDcFln4AM1103

## I. PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: JANET MAVIS MARCUSSE

Inmate Number 17128-045

Prison or Jail: FCI Tallahassee

Mailing address: 501 Capital Circle, NE
Tallahassee, FL 32301

## II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

(1) Defendant's name: Unknown Federal Agents
Official position: ______
Employed at: ______
Mailing address: ______

(2) Defendant's name: Robert Holmes Bell
Official position: Judge
Employed at: U.S. District Court
Mailing address: 110 Michigan Street, NW
Grand Rapids, MI 49503

(3) Defendant's name: Tracey Cordes
Official position: Clerk of Court
Employed at: U.S. District Court
Mailing address: 110 Michigan Street, NW
Grand Rapids, MI 49503

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

II. DEFENDANTS (CONT.)

(4) Defendant's name: Stephen Corcoran
Official Position: CI Division, Special Agent
Employed At: Internal Revenue Service
Mailing Address: 3251 N. Evergreen Dr., NE
Grand Rapids, MI 49525

(5) Defendant's name: Donald A. Davis
Official Position: Former United States Attorney
Employed At: Retired
Mailing Address: 3570 Tuscany Dr., S.E.
Grand Rapids, MI 49546

(6) Defendant's name: James Flink
Official Position: CI Division, Special Agent IRS
Employed At: Retired
Mailing Address: 2330 Lake Drive, SE
Grand Rapids, MI 49506

(7) Defendant's name: J.V. Flournoy
Official Position: Warden
Employed At: FCI Tallahassee
Mailing Address: 501 Capital Circle, NE
Tallahassee, FL 32301

(8) Defendant's name: Kevin Gaugier
Official Position: Court Reporter
Employed At: United States District Court, Western District Michigan
Mailing Address: 110 Michigan Street, NW
Grand Rapids, MI 49503

(9) Defendant's name: Thomas Gezon
Official Position: Former Assistant United States Attorney
Employed At: Retired
Mailing Address: 4250 Chicago Drive, S.W., Suite B
Grandville, MI 49418

(10) Defendant's name: Steve Hetherington
Official Position: Deputy U.S. Marshal
Employed At: United States Marshal's Office
Mailing Address: 110 Michigan Street, NW
Grand Rapids, MI 49503

(11) Defendant's name: Adalberto Jordan
Official Position: Judge
Employed At: Eleventh Circuit Court of Appeals
Mailing Address: 56 Forsyth Street, N.W.
Atlanta, GA 30303

(12) Defendant's name: David Kaczor
Official Position: Senior Litigator
Employed At: Federal Public Defenders Office
Mailing Address: 50 Louis Street, NW, Suite 300
Grand Rapids, MI 49503

II. DEFENDANTS (CONT.)

(13) Defendant's name: Ray Kent
Official Position: Head
Employed At: Federal Public Defenders Office
Mailing Address: 50 Louis Street, NW, Suite 300
Grand Rapids, MI 49503

(14) Defendant's name: Colleen Kollar-Kotelly
Official Position: Judge
Employed At: United States District Court, District of Columbia
Mailing Address: 333 Constitution Ave., N.W.
Washington, D.C. 20001-2802

(15) Defendant's name: Stanley Marcus
Official Position: Judge
Employed At: Eleventh Circuit Court of Appeals
Mailing Address: 56 Forsyth Street, N.W.
Atlanta, GA 30303

(16) Defendant's name: Mike Mercer
Official Position: Sheriff
Employed At: Newaygo County Sheriff's Office
Mailing Address: 300 Williams
White Cloud, MI 49349

(17) Defendant's name: Roger Palmiter
Official Position: Jail Administrator
Employed At: Newaygo County Jail
Mailing Address: 300 Williams
White Cloud, MI 49349

(18) Defendant's name: Michael Schipper
Official Position: Judge/Former Assistant United States Attorney
Employed At: 56-B District Court
Mailing Address: 220 West Street Street
Hastings, MI 49508

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Pursuant to 42 U.S.C. § 1997e(a), exhaustion of administrative remedies is required prior to initiating a civil rights action which alleges unlawful conditions or events in any prison, jail, or detention center. Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A. Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( ) No(x )

1. Parties to previous action:
   (a) Plaintiff(s): ______
   (b) Defendant(s): ______
2. Name of judge: ______ Case #: ______
3. County and judicial circuit: ______
4. Approximate filing date: ______
5. If not still pending, date of dismissal: ______
6. Reason for dismissal: ______
7. Facts and claims of case: ______

**(Attach additional pages as necessary to list state court cases.)**

B. Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( x ) No( )

1. Parties to previous action:
   a. Plaintiff(s): Janet Marcusse
   b. Defendant(s): US Dept. of Justice, EOUSA, IRS, FBI, Federal Reserve, Office of Information Policy
2. District and judicial division: D.C. U.S. District Court
3. Name of judge: Colleen Kollar-Kotelly Case #: 1:12-cv-1025
4. Approximate filing date: June 22, 2012
5. If not still pending, date of dismissal: January 10, 2014
6. Reason for dismissal: Motion for extension of time denied and in effect defaulted; IRS granted 90 days more time to respond than Marcusse

7. Facts and claims of case: Freedom of Information Act litigation; IRS admitted to withholding 99,838 pages of documents in discovery at criminal trial, provides 10,960 pages after being sued

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B))* in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( x) No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): Janet Marcusse
   b. Defendant(s): United States
2. District and judicial division: Western District of Michigan
3. Name of judge: Robert Bell Case #: 09-cv-913
4. Approximate filing date: October 2, 2009
5. If not still pending, date of dismissal: March 1, 2014
6. Reason for dismissal: Denied §2255 & Motion to Vacate (Rule 60(b)) for defects in the integrity of the proceedings
7. Facts and claims of case: Reversible trial error "declined" consideration on direct appeal in pro se brief accepted for filing, (Cont.)

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes(x ) No( )

1. Parties to previous action:
   a. Plaintiff(s): United States
   b. Defendant(s): Janet Marcusse
2. District and judicial division: Western District of Michigan
3. Name of judge: Judge Bell Case Docket # 1:04-cr-165
4. Approximate filing date: November 15, 2005 Dismissal date: November 18, 2005
5. Reason for dismissal: After filing Complaint in criminal case of Court Reporter misconduct for tampering with the trial transcripts having removed the admittance by Leonard Zawistowski, the Federal (Cont.)

IV. PREVIOUS LAWSUITS (CONT.)

B. Parties to previous action:
1. a. Plaintiff(s): Janet Marcusse
   b. Defendant(s): Commissioner of the Internal Revenue Service
2. District and judicial division: United States Tax Court, Washington, D.C.
3. Name of judge: Judge Gustafson Case #: 14234-09
4. Approximate filing date: June 11, 2009
5. If not still pending, date of dismissal: January 31, 2012
6. Reason for dismissal: Judgment based on concession by IRS attorney Jonathan Hauck to reduce tax liability of $310,722 on $936,626 of alleged unreported income from tax years 1999, 2000, and 2001, as first charged at Marcusse's criminal trial to "zero" and all penalties and interest requested in a March 9, 2009 Notice of Deficiency to "zero". Marcusse agreed to the settlement on January 18, 2012 after being advised by both IRS counsel Jonathan Hauck and Judge Gustafson that this case could have no bearing on the criminal case unreported income charges, causing her to waive her right to a trial only to later find this was not true and to file an appeal of the case, which was lodged in the Eleventh Circuit Court of Appeals as Case No. 12-13805. The $936,626 of alleged unreported income was used at the criminal trial to invent motive and support for the predicate mail fraud charge element of "intent to defraud".

C. Previous §2255 Motion to Vacate (Cont.)
7. which by Order of the Sixth Circuit on May 14, 2009, was to render the issues preserved for resubmission in a §2255 as the "adequate, alternative remedy" in Case No. 05-2586, except Judge Bell holds the order in contempt, procedurally defaulting them in his October 26, 2012 Opinion where he copies the Government's Reponse of October 14, 2011 to deny them.

1. Parties to previous action:
   a. Plaintiff(s): Janet Marcusse
   b. Defendant(s): Warden Taylor
2. District and judicial division: Northern District of Florida
3. Name of judge: M. Casey Rodgers Case #: 4:11-cv-301-MP-WCS
4. Approximate filing date: June 20, 2011
5. If not still pending, date of dismissal: November 22, 2011
6. Reason for dismissal: This §2241 petition is filed after being denied leave to file a new innocence claim under **Skilling v. United States**, 130 S Ct 2986 (2010) by Judge Bell in the §2255, which was still pending in the Western District of Michigan. The §2241 is dismissed because the §2255 was still pending because presumably Marcusse would have the opportunity to seek a certificate of appealability and take an appeal.

1. Parties to previous action:
   a. Plaintiff(s): Janet Marcusse
   b. Defendant(s): Warden of FCI Tallahassee
2. District and judicial division: Northern District of Florida
3. Name of judge: Charles Stampelos, Magistrate Case # 4:14-cv-301-MW-CAS
4. Approximate filing date: June 18, 2014
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: N/A

IV. PREVIOUS LAWSUITS (CONT.)

D. Underlying Criminal Case: 1:04-cr-165

5. (Cont.) Reserve "expert" witness who admitted his employer had "collapsed" the bank in the Bahamas where investor funds had been custodied (Dkt. No. 590), three days later on November 18, 2005, Judge Bell files Administrative Order 05-152 making Marcusse a "restricted" filer. While this Order did not constitute a "dismissal" of the criminal case, Marcusse has remained a "restricted" filer ever since in the Western District of Michigan, including unconstitutionally obstructing her access to the court when she was made a "restricted" filer upon her submission of her initial §2255 motion to vacate in Case No. 1:09-cv-913 on October 2, 2009. Thus, this Order would not qualify as a "strike" under 28 USC §1915(g). It does, however, obstruct her from filing anything in the Western District of Michigan.

6. Facts and claims of case: Criminal prosecution against Marcusse charging mail fraud, money laundering, conspiracy to defraud the United States (IRS), conspiracy to commit mail fraud, con-
**(Attach additional pages as necessary to list cases.)**
spiracy to commit money laundering

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. GROUND ONE: Around January 18, 2012, an illegal entry into the Missouri residence where Marcusse's business records had been stored since her arrest was conducted, in which only her records were targeted and destroyed.

2. Marcusse first learned of this illegal entry on January 11, 2013 in a visit by Christopher Milson, the homeowner.

3. Given the on-going criminal activity in which the federal government has engaged since before Marcusse's arrest, and the fact Milson's Affidavit states no valuables were disturbed or stolen, Marcusse believes government agents to be the culprits or to have initiated this illegal search.

4. There is a history of illegal search and arrest warrants in Marcusse's case, including a fabricated "drug-trafficking" search warrant executed on her business attorney Gurmail Sidhu's home and office, which was reported in the media, where her business and bank records were seized and withheld from discovery or use at the criminal trial, in a case in which AUSA Gezon stated was not about drugs. A fabricated or falsified arrest warrant was executed against co-defendant George Besser, who had retired to Mexico on Social Security, which alleged "conspiracy to distribute 5 kilograms of cocaine".

5. GROUND TWO: After Marcusse served a Motion to Compel Production of Valid Search Warrant & Affidavit on January 29, 2013 to the Western District of Michigan in criminal case No. 1:04-cr-165, Judge Bell and Tracey Cordes, Clerk, have refused to acknowledge receipt or file the pleading.

6. GROUND THREE: Judge Bell and Tracey Cordes, Clerk, have misrepresented the contents of Marcusse's §2255 Memorandum in Support of her Motion to Vacate

and its Exhibits A-Z, AA-ZZ, AAA-ZZZ, AAAA-ZZZZ, and A1-N1, in the ECF System and PACER at Dkt. No. 34-1 in Case No. 1:09-cv-913 in the Western District of Michigan as the Motion to Vacate application, which was previously filed at Dkt. No. 1.

7. This §2255 Memorandum and its Exhibits contain allegations and evidence of on-going criminal activity in which Marcusse was assaulted, beaten, threatened, and attacked to scare her into pleading guilty, deny her the right to proceed pro se, deny her the right to a defense and a fair trial, and even attempted druggings in her food, which would have rendered her unable to cross examine witnesses, all supported by third-party eye witness affidavits. It also contained evidence of fabricated and falsified arrest and search warrants, and the collaboration of the judiciary in that court with refusing to file pleadings, deleting pages of incriminating materials from pleadings before filing, removing exhibits from pleadings and filing them away from each other on the docket, and refusing to order an investigation, instead engaging in retaliation by ordering a competency exam for Marcusse, who had no history of mental problems or alcohol or drug usage, and had graduated from college with a 3.95 GPA.

8. GROUND FOUR: After on-going FOIA requests and Judge Bell refusing to either file requests for documents or denying them, denials by the various agencies of having responsive documents, Marcusse initiated FOIA litigation in which CI Div. Special Agent Stephen Corcoran, one of the two "investigative" agents and witnesses at Marcusse's criminal trial, admits in a February 8, 2013 Declaration to having "located" 120,000 pages of responsive documents, of which 99,838 were never admitted to have existed or produced in discovery at trial.

9. Agent Corcoran prepares and provides 10,960 pages of documents, which are Bates stamped for purposes of "authentication", which was not done for the criminal trial, and which are served on Marcusse by the FCI Tallahassee R & D on January 9, 2013.

10. Upon reviewing the documents, Marcusse discovers a spoilation of evidence scheme against her, which was perpetrated against her at trial, but which had to have been planned from before the indictment was obtained, given its wording.

11. This scheme was done in collaboration with the court-appointed attorney, David Kaczor, who was forced on her by Judge Bell the first morning of trial as full counsel, Thomas Gezon, Michael Schipper, Stephen Corcoran, James

Flink, and Judge Bell.

12. While AUSA's Gezon and Schipper were required to allow Marcusse access to the underlying bank records to the IRS summary exhibits purporting to prove a "ponzi scheme", they provided access to the original bank records stolen from her by co-defendants Diane and Wesley Boss accused of embezzlement, who gave the records to Agent Flink. They placed only those bank records that had been subpoenaed from the bank in the bulk bank record exhibits, and then proceeded to object every time Marcusse submitted any bank record documents into evidence that the records were not part of the bulk bank record exhibits, thereby obstructing her from using any in her defense.

13. When Marcusse testifies to $13 million in investments made, against charges of $10 million in "proceeds", AUSA Gezon withdraws the "ponzi scheme" as an "element" for jury deliberation, claiming the words "ponzi scheme" did not appear in the indictment, replacing the "scheme to defraud" element with a right to control spending honest services fraud theory where the defendants did not invest in GX-1, the product they allegedly had promised investors.

14. GROUND FIVE: In his February 8, 2013 Declaration, Agent Corcoran admits to having withheld 99,838 pages of documents that were never produced in discovery to any of the defendants in a prosecution AUSA Gezon had represented to have an "open file" policy.

15. In his February 8, 2013 Declaration, Agent Corcoran states that the 99,838 pages of documents included information on "investment entities", "third parties" and their "role" in the case, but were withheld because they did "**not** substantially support or advance the legal theory of the government's case" that was "ultimately abandoned at prosecution". Prosecution is another word for a criminal trial. Agent Corcoran makes this same representation as to every one of the 54 boxes of documents withheld from discovery, withheld during the §2255, and which continue to be withheld to the present day.

16. GROUND SIX: Of the 10,960 pages of documents provided by Agent Corcoran on January 9, 2013, which were authenticated by Bates stamp, some of the documents have been deleted or tampered with in an unacceptable manner to invent support for the criminal case.

17. GROUND SEVEN: In the FOIA litigation from which Agent Corcoran's Declaration was obtained, Judge Kollar-Kotelly abruptly denied a motion for extension of time to Marcusse, providing her with what was in effect one week to prepare

17. (Cont.) responsive pleadings to approximately 13,000 pages of documents, resulting in Marcusse being given 3 months' less time than that which was provided to the IRS and FBI, who were defendants in the case.

18. Many of Judge Kollar-Kotelly's orders and opinions were not served on Marcusse, in spite of Marcusse having filed a motion for special mail delivery under the legal mail service process available for incarcerated individuals through the Federal Bureau of Prisons. Judge Kollar-Kotelly disregarded this motion, which does show as being filed on the docket of the FOIA case.

19. By not permitting Marcusse equal access to the court in the FOIA case, Judge Kollar-Kotelly in effect defaulted her, granting summary judgment to the defendants, but proceeding as if Marcusse had responded when Marcusse submits a hastily-prepared motion for reconsideration objecting that she had 13,000 pages to review and had already discovered several omissions and tampered-with documents that appeared to be deliberate.

20. While Agent Corcoran provided 30 pages missing from one document, he was able to shirk the rest of the objectionable tampered with or deleted items.

21. GROUND EIGHT: Twice the Wardens of FCI Tallahassee have been served with a BP-9 complaining about problems with incoming and outgoing court or legal mail. Twice the administrative process has been exhausted all the way through, but Marcusse has not been served with the final response from the Central Office, although in both cases she has received a receipt or notice of an extension of time to respond, which has the appearance of attempting to obstruct her access to the courts to complain about this problem.

22. A BP-9 was submitted by Marcusse about mail problems to Warden Taylor on September 13,2011, and assigned No. 657007, and a response received, but there was no improvement. Regional received the BP-10 on October 18, 2011, and a response was received, but again there was no improvement. On March 8, 2012, a receipt was received from the BP-11 served on Central, extending the time for a response to April 24, 2012, but no response was ever served.

23. A BP-9 was submitted by Marcusse about mail problems to Warden Flournoy on September 11, 2013, and assigned No. 750928, which included a missing brief sent via certified mail no. 7004-1160-0004-5678-9057, and the loss of a $450 filing fee where the appeal of the Tax Court Case No. 14234-09 in the Eleventh Circuit Court of Appeals was dismissed when her motion for extension of time was not received in Case No. 12-13805. On October 11, 2013, Warden Flournoy

denied the BP-9. Regional received and denied the BP-10 on January 16, 2014.

24. The Central Office of the FBOP received the BP-11, No. 750928, and on July 18, 2014, sent a receipt extending the response to July 4, 2014.

25. Marcusse has not been served a final response from Central to this BP-11.

26. Marcusse has exhausted her administrative remedies as to her complaints regarding obstruction of her legal and court mail.

27. GROUND NINE: Judges Stanley Marcus and Jordan Adalberto dismissed Marcusse's appeal for want of prosecution when the Eleventh Circuit Court of Appeals either did not receive Marcusse's motion for extension of time or they choose to disregard it, which may be the case where they dismissed the motion to reinstate the appeal explaining the obstruction of mail problems. A $450 filing fee had been paid, which was borrowed by Marcusse in desperation to have this appeal and her Tax Court litigation reinstated after she was tricked into agreeing to settle when she should have insisted on a trial.

28. This Order dismissing the appeal in Case No. 12-13805 was not served on Marcusse until she filed a Motion to be Provided with Service of Court Order and the Names of the Eleventh Circuit Judges Authorizing it on November 26, 2013.

29. GROUND TEN: From the time of Marcusse's arrest, including in pretrial confinement, she was beaten, assaulted, attacked, abused, subjected to death threats, attempted and successful druggings in her food or drink before court hearings, sleep deprived, and her fingers and thumbs almost broken to prevent her from preparing or filing pleadings.

30. Numerous affidavits, including eye witness accounts, have been accumulated in support of back injuries, neck problems, hand, finger and thumb problems, continuing to the present day.

31. At the time of sentencing, when Marcusse objected, she asked for $5,000 a day in "damages", or $2,425,000, to which Judge Bell responded, "Okay."

32. Individuals involved in deliberate indifference to an assault in jail include Sheriff Mike Mercer and Roger Palmiter. Individuals who actively participated in assaulting or abusing Marcusse include Steve Hetherington and an unnamed female U.S. Marshal. Court-appointed attorneys, who were forced on Marcusse by Judge Bell, Ray Kent and David Kaczor, sat silently by while U.S. Marshals assaulted Marcusse, or abused her in open court, engaging in deliberate indifference or aiding and abetting. Individuals who are believed

to have ordered an assault and death threats at Newaygo County Jail include Thomas Gezon, Donald Davis, and Judge Bell. Judge Bell refused to order an investigation and refused to properly file pleadings, including affidavits in support, on the public record.

33. Per the May 14, 2009 Order of the Sixth Circuit in Case No. 05-2586, this claim has been equitably tolled until the §2255 process was complete.

34. GROUND ELEVEN: Numerous pages of the published trial transcript, as produced by Court Reporter Kevin Gaugier, contain changes and deletions that did not occur.

35. When Marcusse tried to file a complaint about Court Reporter Misconduct, Judge Bell retaliated against her by making her a "restricted filer".

36. In U.S. Tax Court, when Judge Gustafson ordered the original shorthand notes or tapes of parts of the trial transcript, as he found sufficient cause existed to order it, IRS attorney Jonathan Hauck conceded the case, filing a Motion for Entry of Decision in Marcusse's favor, along with a Motion to Vacate the Court's order for discovery in which he reports, "Mr. Gaugier stated that he would not produce a copy of his stenographic short hand notes without a court order."

37. Part of the transcript tampering included where Federal Reserve "expert" Leonard Zawistowski admitted his employer "collapsed" the bank where investor funds had been custodied and from which $31 million went "missing".

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Pursuant to **Bivens v. Six Unknown Named Agents**, 403 US 388 (1971), and 28 USC §1331, (1) due to violations of the First and Fifth Amendments in the obstruction of access to the courts against the defendants named in Grounds 1-11 in their individual and official capacities; (2) due to violations of the First, Fourth, and Fifth Amendments, in the illegal search and seizure conducted, resulting in the destruction of evidence against unknown individuals in their individual and official capacities; (3) due to violations of the First and Fifth Amendments, in the obstruction of legal and court mail, causing obstruction of access to the courts, against the defendants named in Grounds 1-10 in their individual and official capacities; (4) due to violations of the Fifth and Eighth Amendments (Cont.)

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Nominal, compensatory, and punitive damages in the total amount of $3,000,000. Injunctive relief against Tracey Cordes, Clerk, and Kevin Gaugier, Court Reporter to prevent either one from discarding, purging, or otherwise destroying the original shorthand notes or recordings of Marcusse's criminal trial until such time as she can be afforded access to review them for transcript tampering.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

January 9, 2015
(Date)

[signature]
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☐ delivered to prison officials for mailing or ☒ deposited in the prison's internal mail system on:
the 9th day of January, 2015.

[signature]
(Signature of Plaintiff)

Revised 03/07

VI. STATEMENT OF CLAIMS (Cont.)

in engaging in illegal assault and battery, inciting illegal assault and battery, using excessive force, administering or ordering druggings of food or drink while in the custody of the U.S. Marshals to obstruct accesss to the court, also a violation of the First Amendment, wanton and unnecessary infliction of pain, suffering, and emotional distress, and deliberate indifference or aiding and abetting, by those individuals named in Ground Ten, in their individual and official capacities; and (5) due to violations of the First, Fifth and Sixth Amendments due to the fraudulent schemes, trickery, and illegal activity in obstructing evidence, tampering with evidence, or the destruction of evidence by those individuals named in Grounds 1-11 to obstruct access to the courts.

## *Certificate of Service*

*This is to certify that I have served a true and correct copy of the foregoing:*

CIVIL RIGHTS COMPLAINT

MOTION TO PROCEED IN FORMA PAUPERIS

*Upon the following addresses, by placing the same in a sealed envelope, bearing sufficient postage for delivery via the United States Postal Service to:*

Clerk of Court
United States District Court
111 N. Adams Street
Tallahassee, FL 32301

*And deposited it in the postal box provided for inmates on the grounds of the federal Correctional Institution at Tallahassee, Florida, 32301 on this* 9th *day of* January *, 20*15.

*Signature*
Janet Marcusse
*Register No.* 17128-045
*FCI Tallahassee*
*501 Capital Circle NE*
*Tallahassee, Florida 32301*

*Litigation is deemed FILED at the time it is delivered to prison authorities. See Houston vs Lack, 487 US 266, 101 L. Ed 2d 245, 108 S.CT. 2379 (1988)*