**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JANET MAVIS MARCUSSE,**

    **Plaintiff,**

vs.                                                                                                     Case No. 4:15cv9-RH/CAS

**UNKNOWN FEDERAL AGENTS,**
**et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

An Order was entered July 7, 2015, directing Plaintiff to file a second amended complaint. Doc. 23. Plaintiff, a federal prisoner proceeding pro se and in forma pauperis, has now filed her second amended complaint. Doc. 31. Plaintiff's second amended complaint has not improved over the prior two versions of her complaint.

Court Orders have required Plaintiff to submit a complaint limited to one basic incident or issue. Docs. 7, 23. Plaintiff was informed that because her named Defendants and the alleged events occurred at different times and separate places, these facts are not properly related. Doc. 7 at 3. Her second amended complaint still does not comply as Plaintiff names Defendants from Washington, D.C., Missouri,

Florida, Arizona, Nassau, Bahamas, Michigan, Georgia, Kentucky, South Carolina, California, Ohio, and Virginia.  Doc. 31 at 2-9.

Plaintiff was required to comply with Federal Rule of Civil Procedure 8(a), which states that a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  FED. R. CIV. P. 8(a).  Plaintiff was advised that her amended complaint did not comply with Rule 8 "as it [was] over 200 pages in length because Plaintiff incorporated the statement of material facts, doc. 21, into her complaint, doc. 20."  Doc. 23 at 2.  Plaintiff's second amended complaint, doc. 31, still does not comply with Rule 8.  It is 206 pages long and does not present a "short and plain statement" of her claim.

Plaintiff has gone from presenting a 17-page complaint naming 18 Defendants, doc. 1, to a 32-page complaint naming 57 Defendants, doc. 20, which she sought to supplement with a 182-page statement of facts, doc. 21.  Now, Plaintiff presents her 206-page second amended complaint against 74 Defendants.  Each amended complaint filed is more problematic than the prior one.

Plaintiff's "statement of facts" section of the second amended complaint spans 106 pages.  Doc. 31 at 14-119.  The allegations detail events between 1998 and August of 2015 in 780-numbered paragraphs.  Id.  The "statement of claims" section of the second amended complaint consists of another 86 pages in which Plaintiff raises 22

separate claims. *Id.* at 120-206. No Defendant should be put to the time, effort, and expense of attempting to respond to this shotgun complaint. The allegations of a complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Plaintiff's allegations do not comply.

The last Order entered required Plaintiff to submit a second amended complaint "on court forms, no longer than 20 pages in length and in compliance with Rules 8 and 10(b) of the Federal Rules of Civil Procedure." Doc. 23 at 6. Twice in that Order Plaintiff was told that her complaint could "be no longer than twenty pages." *Id.* at 4, 6. Plaintiff did not comply. Throughout this litigation Plaintiff has not complied with Court orders. There is no indication she would do so if given another opportunity to file a third amended complaint.

An additional reason to dismiss this case is that Plaintiff has been informed numerous times that the "absolute immunity of a defendant is one of a number of grounds which justifies § 1915(d) dismissal." Doc. 19 (citing <u>Clark v. Ga. State Pardons and Parole Bd.</u>, 915 F.2d 636, 640 n.2 (11th Cir. 1990); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430, 96 S.Ct. 984, 994-95, 47 L.Ed.2d 128 (1976); <u>Cook v. Houston Post</u>, 616 F.2d 791, 793 (5th Cir. 1980)); *see also* docs. 7, 23. Plaintiff was specifically advised that she may not name judges who were involved in her prior cases as they have immunity from suit. Despite that warning, Plaintiff has continued to name a multitude of such Defendants in her second amended complaint, including United States Circuit Judges Barkett, Hull, Pryor, Rogers, and Sutton, United States District Court Judges Bell,

Bertelsman, and Rodgers,[1] and United States Magistrate Judge Carmody.  Doc. 31. Those Defendants may not be sued as their only involvement with Plaintiff was in performing their judicial capacities and they have absolute immunity from suit.[2]  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). The absolute immunity of these Defendants justifies dismissal of this action.  28 U.S.C. § 1915(e)(2)(B)(iii).

A federal district court has authority to dismiss a case for a plaintiff's failure to comply with court rules and orders.  "Rule 41(b) allows a defendant to move to dismiss the action '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'"  McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 876 (11th Cir. 2011) (citing Fed.R.Civ.P. 41(b)).  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned,

---

[1] Plaintiff named Chief United States District Judge Casey Rodgers as a Defendant in this case.  Judge Rodgers dismissed Plaintiff's § 2241 petition for writ of habeas corpus challenging the judgment imposed in the Western District of Michigan.  Doc. 10 of case # 4:11cv301, brought in this Court.  The Eleventh Circuit Court of Appeals affirmed that dismissal on February 19, 2013, holding that this Court "properly dismissed Appellant's 28 U.S.C. § 2241 petition because the 'savings clause' in 28 U.S.C. § 2255 does not apply."  Doc. 23 of case # 4:11cv301.  The Order was entered by Circuit Judges Barkett, Hull, and Pryor, who are also named as Defendants in this case.

[2] Plaintiff was convicted of counts 1-58 and 81-82 of the superceding indictment and sentenced in October of 2005 to a total term of 300 months imprisonment. Doc. 558, case number 1:04cr165-RHB, United States District Court, Western District of Michigan.  Restitution of $12,651,244.80 was also ordered.  Id.  Judgment was affirmed by the Court of Appeals, docs. 704 and 708, and Plaintiff's petitions for writ of certiorari and for rehearing were denied by the Supreme Court.  Docs. 714-716, 718-719, 728. Plaintiff's motion to vacate, filed under 28 U.S.C. § 2255 was denied on October 26, 2012.  Doc. 78 of case number 1:09cv913, United States District Court, Western District of Michigan.

Case No. 4:15cv9-RH/CAS

generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (quoted in McMahon, 455 F. App'x at 877).  Plaintiff has been given several warnings[3] that if she failed to comply with court orders and submit an amended complaint as directed, it may result in a recommendation of dismissal.  Docs. 7, 19, and 23.  Because Plaintiff's second amended complaint is not in compliance with Rule 8 or prior court orders, it is recommended that further opportunities not be provided to Plaintiff to submit an amended complaint and this case be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 31, be **DISMISSED** for failure to comply with court orders, failure to comply with Rule 8(a) and (d), failure to state a claim upon which relief may be granted and for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)(iii).

**IN CHAMBERS** at Tallahassee, Florida, on September 24, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff was also warned to consider the merits of this case because Plaintiff has two "strikes" under 28 U.S.C. § 1915(g).  Case number 1:10cv806 was dismissed on May 17, 2010, under 28 U.S.C. § 1915(e)(2)(B)(ii) and her appeal of that dismissal, case number 10-5209, counts as a second "strike."  Plaintiff was told that if she received three "strikes" she could be barred from proceeding without paying the entire filing fee at the time of case initiation. Doc. 23 at 4.  Plaintiff did not heed that warning.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**